```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF TEXAS
                              DALLAS DIVISION

COACH, INC. and COACH SERVICES,   §
INC.,                             §
                                  §
                     Plaintiffs,  §
                                  § Civil Action No. 3:09-CV-2215-D
VS.                               §
                                  §
CM RETAIL LLC D/B/A MAJESTIC      §
EYEWEAR and IBRAHIM KRABATOU,     §
                                  §
                     Defendants.  §
```

## MEMORANDUM OPINION AND ORDER

In response to the court's order directing that they demonstrate good cause under Fed. R. Civ. P. 4(m) and 6(b) for failing to effect service, plaintiffs Coach, Inc. and Coach Services, Inc. (collectively "Coach") request additional time to effect service of process, and they move for leave to effect substitute service on defendants CM Retail LLC d/b/a Majestic Eyewear ("CM Retail") and Ibrahim Krabatou ("Krabatou"). The court grants the request and motion.

I

Coach filed this lawsuit on November 19, 2009 and has attempted to serve Krabatou—who is also the sole registered agent for service of process for CM Retail—12 times between December 2, 2009 and March 1, 2010. Two individuals—Adil Tadli ("Tadli") and Abdelilah Chouaibi ("Chouaibi")—have filed affidavits detailing their attempts on behalf of Coach to serve Krabatou at his office or residence. According to Tadli, a receptionist at Krabatou's

office address confirmed that the location was Krabatou's usual place of business, but on several occasions told Tadli that Krabatou was either out of town or not in the office. Tadli left his business card with the receptionist. Similarly, a person at Krabatou's home address confirmed that the location was his usual residence, and Tadli again left a business card. Chouaibi's affidavit details further attempts to serve Krabatou at his residence address. On the first attempt, Chouaibi spoke to Krabatou's wife, but she refused to accept any documents on his behalf. No one answered the door on his five subsequent attempts, although on two occasions Chouaibi could hear Krabatou's wife and children inside the residence. During one attempt, Chouaibi left his business card and a note, which had been removed by the time he returned for his next attempt two days later. Coach attempted service through Tadli and Chouaibi at various times of day, during the week and on weekends, but was never successful.

Coach requests an extension of the deadline for service, and it moves for leave to effect substitute service.

II

Coach must demonstrate under Rule 4(m) and 6(b) that it had good cause for failing to effect service within the 120-day period prescribed by Rule 4(m). Demonstrating good cause requires "at least . . . some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance

within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (internal quotation marks omitted).  For example, an extension of time may be warranted if the defendant is evading service.  *See La Cantera Dev. Co. v. W. Rim Prop. Servs.*, 2010 WL 417409, at *2 (W.D. Tex. Jan. 29, 2010).  "If good cause is present, the district court *must* extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Tadli's and Chouaibi's affidavits demonstrate that Coach has made good faith efforts to serve Krabatou, and they support the reasonable inference that Krabatou is evading service.  Coach has persistently attempted to serve Krabatou at both his confirmed residence and office addresses.  Persons acting on Coach's behalf have attempted service at different times of the day and have left their contact information for Krabatou.  Coach has made reasonable attempts to serve Krabatou.  Therefore, it has demonstrated good cause for failing to effect service by the Rule 4(m) deadline, and the court grants Coach 60 additional days to effect service.

### III

Coach also moves for leave to effect substitute service. Specifically, Coach asks the court to allow it to serve Krabatou by delivering the summons, cover sheet, and complaint to anyone over the age of 16, or by affixing the documents to the front door of Krabatou's residence or office. Rule 4(e)(1) provides that service can be made by "following state law for serving a summons in an

action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Texas law provides that when personal service has been unsuccessful,

> [u]pon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted . . . but has not been successful, the court may authorize service
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at [the defendant's usual place of business or abode], or
>
> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b). In this case, "service has been attempted but has not been successful." Coach's diligence in attempting service at both Krabatou's residence and office suggest that any further attempts will also be unsuccessful. The court therefore grant's Coach's motion to authorize substitute service.

"In dispensing with personal service, Texas courts look for 'the substitute that is most likely to reach the defendant [and] is the least that ought to be required if substantial justice is to be done.'" *See Textron Fin. Corp. v. Anchor Marine & Tackle, Inc.*, 2010 WL 428968, at *2 (W.D. Tex. Jan. 28, 2010) (quoting *Forney v. Jorrie*, 511 S.W.2d 379, 384 (Tex. App. 1974, writ ref'd n.r.e.)).

- 4 -

Texas law specifically provides that leaving a copy of the summons and complaint with a person over the age of 16 at the defendant's usual place of business or usual place of abode may be sufficient substitute service.  Given the reluctance, however, of any person to open the door of Krabatou's residence in the later attempts by Tadli and Chouaibi, the court will also authorize Coach to effect service by leaving a copy of the summons and complaint affixed to the front door of Krabatou's residence, provided Coach is first unsuccessful in attempting to effect service on a person over the age of 16 at Krabatou's residence or office.  In other words, Coach must first attempt to leave the summons and complaint with a person over age 16 at Krabatou's residence or office.  If Coach is unable to effect service in this manner, the court authorizes Coach to affix the summons and complaint, together with a copy of this memorandum opinion and order, to the door of Krabatou's residence. *See Textron Fin. Corp.*, 2010 WL 428968, at *2 (authorizing substitute service by affixing court papers to front gate of defendant's residence and mailing the court papers); *Evergreen Nat'l Indem. Co. v. Herndon*, 2007 WL 2827978, at *1 (N.D. Tex. Sept. 28, 2007) (Boyle, J.) (authorizing service by affixing papers to front gate of defendant's residence).

Because the addresses for Krabatou's residence and office have been confirmed by persons at both locations, and since Krabatou is the sole registered agent for service of process on CM Retail, the

court finds that either method of substitute service permitted by this memorandum opinion and order will be "reasonably effective to give the defendant[s] notice of the suit."

\*   \*   \*

Accordingly, Coach's April 19, 2010 request to enlarge the time to effect service and its motion for substituted service are granted.

**SO ORDERED.**

May 5, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE